MILLER, Judge.
Defendant Wilma Jean Johnson appeals the trial court judgment denying her status as a preferred creditor in the distribution of excess proceeds realized from a sheriff’s sale of the community’s mortgaged immovable property. We affirm.
Plaintiff City Savings Bank & Trust Company answered the appeal, but did not file a brief and failed to appear in person or through counsel when the case was called for argument. The answer filed by appellee is equivalent to an appeal from a portion of the judgment. LSA-C. C.P. Art. 2133. Due to its failure to appear or file a brief prior to the time the case was called for argument, this court considers the answer to the appeal abandoned and hereby dismisses the answer to the appeal. Rule VII, Section 5(b) Uniform Rules, Courts of Appeal.
Wilma Jean Johnson alleges that the trial court erred in failing to recognize her *133 status as a judgment creditor. She claims her status is related to a previous separation judgment in which Elmo Johnson was required to pay alimony pendente lite and child support.
The trial court correctly determined that Wilma Jean Johnson was an ordinary creditor and that there were insufficient proceeds to allow her to recover a portion of the seized funds. Our finding that the trial judge correctly ranked her claim, pre-termits the need to recapitulate factors not relevant to the error specified on appeal.
The record before us includes, as exhibits, two other suits. The complicated series of events, transactions, and relationships preceding and following Elmo and Wilma Jean Johnson’s separation and divorce, have been carefully and exhaustively detailed by the trial judge. We are indebted to him for his enlightened analysis of the events.
Wilma Jean Johnson bases her preferred status on three documents. The first of these is a February 25, 1971 judgment (in a suit filed by her against Elmo Johnson) which made executory past due alimony pendente lite and child support in the sum of $798.75. This judgment was not recorded. The trial court properly determined that judicial mortgages take effect only from the date and time of recor-dation in the parish in which the judgment debtor’s immovable property is located. LSA-C.C. Art. 3322; Associates Financial Services, Co. v. Hillebrandt, 250 So.2d 75 (La.App. 3 Cir. 1971) ; Henry v. Roque, 18 So.2d 917 (La.App. 2 Cir. 1944). Since this judgment was never recorded, Wilma Jean Johnson never achieved preferred judgment creditor status due to it.
Wilma Jean Johnson next relies upon a joint stipulation between her and Elmo, signed by a trial judge on November 22, 1972, which purportedly set past due alimony and child support at $1,951.10. Regardless of the effect and validity of such a document, it can have no effect against third parties, since it, too, was not shown to have been recorded.
Her final specification relates to a recorded judgment signed on October 15, 1971. The portion of the judgment relied upon states:
IT IS FINALLY ORDERED, ADJUDGED AND DECREED that ELMO JOHNSON be, and he is hereby held in contempt of court for his failure to pay alimony to Wilma Jean Johnson in the amount of $159.75 per month as fixed by this court on April 16, 1970, said back alimony being delinquent from April 15, 1971.
The trial judge correctly found that this did not constitute an award of past due alimony and this decree did not render the past due amount executory. The plain meaning of the quoted portion of the judgment is that Elmo Johnson was in contempt for failure to pay a certain amount of alimony for some period of time. There is no award to Wilma Jean Johnson against Elmo Johnson of the past due amounts. Recordation of that judgment with only the quoted statement does not put third parties on notice that Wilma Jean Johnson has a judgment for a certain amount against Elmo Johnson.
The ruling of a party in contempt is entirely separate and distinct from a judgment rendering executory a certain amount of past due alimony. Bell v. Bell, 225 So.2d 753 (La.App. 4 Cir. 1969). Appellant recognized this distinction in her pleadings whereby she requested conjunc-tively that Elmo Johnson be held in contempt and that past due alimony be made executory. The judgment submitted for signature to the trial court did not grant her claim seeking to make past due alimony executory. Wilma Jean Johnson’s remedy was to assign this as error on her appeal. When the case was before us on appeal, Johnson v. Johnson, 268 So.2d 114 (La.App. 3 Cir. 1972), no effort was made *134 to have us amend the judgment so as to make executory the past due alimony.
The trial court’s judgment is affirmed at appellant’s costs.
Affirmed.