670 So.2d 369 (1996)
Jenifer D. SHORTT, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., Defendant-Appellant.
No. 95-978.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*370 Thomas E. Townsley, Lake Charles, for Jenifer D. Shortt.
Troy A. Broussard, Lafayette, for Wal-Mart Stores, Inc.
Before DOUCET, C.J., and KNOLL and DECUIR, JJ.
DECUIR, Judge.
This is an appeal by Wal-Mart Stores, Inc., from the judgment of the Office of Worker's Compensation in favor of Jenifer Shortt awarding temporary total disability benefits, medical expenses, and penalties and attorney's fees. Wal-Mart contends the hearing officer erred in finding that plaintiff sustained a compensable work-related accident; in finding that plaintiff was temporarily totally disabled; in finding that plaintiff's average weekly wage is to be calculated on a 40-hour work week; and in assessing penalties and attorney's fees. Appellant further contends that the hearing officer's award of medical benefits is vague and overly broad and that the hearing officer erred in allowing in evidence certain exhibits offered by the plaintiff.
Plaintiff answered the appeal seeking attorney's fees on appeal. Additionally, plaintiff has filed a motion with this court to strike the testimony of Dr. Jack Hurst regarding any mention of Dr. David Kline and his qualifications. That motion is denied.
Ms. Shortt claims she was injured in the course and scope of her employment with the defendant on January 24, 1994, while pushing shopping carts into the defendant's store. Ms. Shortt claims that while pushing the carts, she felt a sharp pain that "caught" in her back in the middle of her shoulders and neck which extended to her arms. Plaintiff claims she experiences pain, numbness and tingling in both arms and hands as a result of the accident. Her accident was unwitnessed and defendant contends the hearing officer erred in finding a compensable injury in that plaintiff is not credible.
The record reflects the hearing officer made an evaluation of Ms. Shortt's credibility and found her to be a credible witness. Wal-Mart argues that Ms. Shortt's account of the accident is inconsistent in that she "changed her story", and it is physically impossible for someone of Ms. Shortt's stature to push 30 shopping carts. Ms. Shortt claims she sustained injuries while pushing approximately 30 shopping carts. The record reflects that this estimation was a "rough guess" by the plaintiff and she did not actually count the number of baskets. Furthermore, at trial, plaintiff demonstrated the length of the line of carts for the hearing officer. Defendant contends Ms. Shortt told a coworker that she was injured while pushing 50 carts. The coworker's testimony was contradicted at trial by the plaintiff. Wal-Mart also argues that plaintiff's veracity was called into question by her account of where the work-related injury occurred. Our review of the record does not reveal any inconsistencies as to where the accident occurred. Defendant introduced a video surveillance tape of the plaintiff to attack plaintiff's credibility. The hearing officer apparently concluded that the plaintiff truthfully and adequately described her activities in these tapes, and we cannot say that the hearing officer was manifestly erroneous in her findings. We have reviewed each of the alleged inconsistencies *371 and contradictions in plaintiff's account of the accident and find no manifest error in the hearing officer's findings. Based upon the manifest error standard, we conclude that defendant's assertion that the hearing officer erred in finding a compensable injury to be without merit. See Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).
Secondly, defendant argues that the hearing officer's determination that plaintiff is temporarily totally disabled in manifestly erroneous. Ms. Shortt was seen by Dr. David Dobbins, family practitioner, on January 26, 1994. Ms. Shortt related that while pushing shopping carts, she experienced sudden pain behind her neck and right shoulder with subsequent numbness in the arm. Plaintiff complained to him at that time that she had numbness and tingling in her right arm, and Dr. Dobbins noted objective signs of her complaints. An arm sling and x-ray of the neck were ordered. Ms. Shortt was next seen on February 2, 1994, at which time she complained of pain in her back and pain and numbness in her right hand. Dr. Dobbins made a physical finding at that time that plaintiff had pain in the area between the top of the shoulder and neck bilaterally. Dr. Dobbins referred Ms. Shortt to Dr. Fayez Shamieh, a neurologist. Dr. Shamieh made positive findings bilaterally. On February 24, 1994, Dr. Dobbins diagnosed Ms. Shortt's condition as carpal tunnel syndrome for which she was referred to Dr. Dean Moore, a neurosurgeon. Dr. Dobbins testified he also felt Ms. Shortt may have had some neurological problem in the cervical area.
Dr. Dobbins saw Ms. Shortt again on November 18, 1994, at which time she complained of sleep disturbance, crying, inability to concentrate, and pain in her neck and right hand. Dr. Dobbins' diagnosis was depression for which he prescribed Prozac. This was plaintiff's last visit with Dr. Dobbins. On December 20, 1994, Dr. Dobbins was contacted by Ms. Shortt who stated that her attorney wanted an evaluation by a psychiatrist, Dr. Archer. Although, Dr. Dobbins had no opposition to this evaluation, he testified he has had formal training in psychiatric medicine and he probably treats as much depression as any psychiatrist in Lake Charles. Dr. Dobbins testified that plaintiff's depression undoubtedly was due in part to her accident at Wal-Mart, and that the work-related incident appeared to be a major stressor causing her depression. Dr. Dobbins deferred to Dr. Ronald Kober, general vascular and thoracic surgeon, for the thoracic outlet syndrome condition. We note that Dr. Dobbins found plaintiff to be an honest and cooperative patient.
Dr. Dean Moore also testified he never had any reason to doubt Ms. Shortt's credibility. Dr. Moore treated the plaintiff for carpal tunnel syndrome and performed a carpal tunnel release on the right side. He testified that carpal tunnel syndrome can be caused by an incident of trauma and is of the opinion that Ms. Shortt's carpal tunnel condition was caused by her work-related injury. Dr. Moore first saw Ms. Shortt on March 14, 1994. As of the date of his deposition, August 24, 1994, plaintiff had symptoms of carpal tunnel syndrome on the left, and he is of the opinion that she has carpal tunnel syndrome on the left. Dr. Moore requested but never received authorization from the compensation carrier for an EMG of the left side. Dr. Moore testified that the reason given for denial of the authorization was that it was not possible for Ms. Shortt to have bilateral carpal tunnel syndrome. When asked whether this was in fact a possibility, Dr. Moore responded "Of course." It is Dr. Moore's opinion that Ms. Shortt suffers from bilateral carpal tunnel syndrome caused by her work-related accident. Dr. Moore stated that plaintiff should not engage in repetitive use of the left wrist or engage in any strenuous activity involving use of that wrist and recommends that she do no lifting.
Dr. Moore further testified that although Ms. Shortt was no longer experiencing symptoms of carpal tunnel syndrome on the right as of her last visit, she was experiencing symptoms of thoracic outlet syndrome on the right. Dr. Moore explained that symptoms of thoracic outlet syndrome look much like a cervical disc disease, i.e., pain in the neck, shoulder, and arm, numbness and tingling in the arm and hand. Dr. Moore is of the opinion that Ms. Shortt suffers from bilateral *372 thoracic outlet syndrome and referred her to Dr. Kober, thoracic surgeon. As to causation of this condition, he suspects it was caused by the work-related incident, but would defer to Dr. Kober.
Dr. Kober's impression upon initial examination and testing in June 1994, was bilateral thoracic outlet syndrome. He restricted lifting to not more than two to three pounds, prescribed medication and physical therapy for a six-week period, three times weekly. He recommended follow-up testing at St. Patrick's Hospital and advised plaintiff to return in six weeks. Plaintiff did not complete the six-week course of physical therapy because authorization for the therapy was terminated by the compensation carrier. Dr. Kober testified that as of July 1994, all authorization for treatment was revoked, and he would expect a patient to return to pre-treatment levels of discomfort with cessation of therapy and treatment. Dr. Kober testified that thoracic outlet syndrome can be caused by trauma and is of the opinion that Ms. Shortt's thoracic outlet syndrome condition was caused by the work-related incident in January 1994. Like the other treating physicians, Dr. Kober believed plaintiff's complaints to be legitimate.
The hearing officer found that plaintiff established a causal link between her injury and the carpal tunnel syndrome and thoracic outlet syndrome. We note that plaintiff has never been released to return to her employment by any of her treating physicians. Although the defendant offered the testimony of Dr. Jack Hurst (who saw plaintiff on only one occasion), to rebut the medical evidence presented by plaintiff, the hearing officer chose to give more weight to the opinions of plaintiff's treating physicians. When medical testimony is in conflict and the issues are disability and ability to return to work, the testimony of treating physicians should be given greater weight. Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234, 236 (La.App. 3 Cir.1993). Based upon our thorough review of the record, we find no error in the hearing officer's award of temporary total disability benefits.
In its next assignment of error, Wal-Mart contends that the hearing officer erred in finding that benefits are to be based on "full time" employment status. Defendant argues that since plaintiff was not employed to work forty hours per week, disability benefits should not be calculated based on a forty-hour week pursuant to La.R.S. 23:1021(10)(a)(i). Defendant cites no jurisprudence to support its position. Defendant admits that Ms. Shortt was classified as a full-time employee of Wal-Mart at a rate of $5.90 per hour. We note that Ms. Shortt does not meet the definition of a part-time employee under La.R.S. 23:1021(9), that is, an employee who as a condition of his/her hiring knowingly accepts employment that (a) customarily provides for less than forty hours per work week, and (b) is classified by the employer as a part-time position. Furthermore, our reading of La.R.S. 23:1021(10) does not define full-time employment as requiring that the employer guarantee a forty-hour work week. We agree with the hearing officer's ruling and affirm the ruling that benefits are to be calculated pursuant to La.R.S. 23:1021(10)(a)(i).
Furthermore, we find no error in the hearing officer's award of penalties and attorney's fees. The record reflects that the defendant failed to reasonably controvert plaintiff's claim and was arbitrary and capricious in terminating benefits.
We next address defendant's contention that the hearing officer's award of medical benefits is vague and overly-broad. The hearing officer stated that plaintiff was entitled to medical treatment "found to be necessary and recommended" by her treating physicians. Defendant by this assignment of error complains that plaintiff is not entitled to treatment by Dr. Archer, a psychiatrist, when that treatment was requested by plaintiff and not recommended by her physician Dr. Dobbins. We agree that in this respect the award of medical benefits is vague. Dr. Dobbins is qualified to treat plaintiff for her depression, and he did not recommend a referral to a psychiatrist. Therefore, plaintiff is entitled to treatment of her depression by Dr. Dobbins, and other treatment found to be necessary and recommended by Drs. Dobbins, Moore and Kober.
*373 Finally, defendant's last assignment of error as to improperly admitted exhibits lacks merit.
Plaintiff-appellee is hereby awarded attorney's fees for this appeal in the amount of $4000.00.
The judgment of the hearing officer is affirmed and amended to award medical benefits for treatment of depression by Dr. Dobbins and for treatment found necessary and recommended by Drs. Dobbins, Moore and Kober.
Costs of appeal are assessed to defendant-appellant.
AFFIRMED AS AMENDED.
KNOLL, J., dissents and assigns reasons.
KNOLL, Judge, dissenting.
I respectfully disagree with the majority's affirmance of this worker's compensation award in favor of Jenifer D. Shortt.
To establish that a claimant is entitled to worker's compensation benefits, the claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment, that the accident caused his injuries, and that the injury caused his disability. Kennedy v. Security Indus. Ins. Co., 623 So.2d 174 (La. App. 1 Cir.), writ denied, 630 So.2d 251 (La.1993). A worker's testimony alone may be sufficient to discharge this burden of proof, provided (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) circumstances following the alleged incident corroborate the worker's testimony. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992).
In the case sub judice, I find that the evidence seriously discredits the claimant's version of the alleged unwitnessed accident. Her assertion that she pushed 30 or 50 buggies is incredible in light of her small stature and the testimony of several other Wal-Mart workers that they were unable to budge even 30 buggies. The record is void of any corroborating evidence. I also find the various inconsistencies in her version of the alleged accident regarding the facts surrounding the alleged accident, as well as her false statements to doctors about bruising, further cause me to conclude that the hearing officer was manifestly erroneous in finding the claimant credible.
Further, based upon the claimant's prior work history, which involved her working with a computer, she failed to prove by a preponderance of the evidence that the alleged accident at issue caused her bilateral carpal tunnel syndrome. Her one alleged incredible instance of pushing 30-50 carts, in my view, is too suspect. It is more suspect when compared to her previous employment, which entailed repeated wrist movements that more likely caused this type of injury. Similarly, in light of the strong testimony of Dr. Jack Hurst of the rarity of thoracic outlet syndrome, I find that the claimant failed to prove that the alleged minor accident could have caused this serious an injury. In sum, all of these facts are just too incredible to believe without corroborating evidence.
For these reasons, I would find that the hearing officer was manifestly erroneous in her resolution of the factual issues and would reverse this judgment.