JjBYRNES, Judge.
This matter arises out of an injury to the claimant, Byron Clark (hereinafter referred to sometimes as “Clark”), that occurred in the course and scope of his employment at Schwegmann Giant Super Markets, Inc. on November 15, 1993. Schwegmann voluntarily commenced compensation payments. Clark instituted this litigation because of a dispute about the basis for calculating his compensation rate. According to Schwegmann’s calculations, the rate was $124.66 based on an average weekly rate of $186.90. But Schweg-mann’s calculation was based on classifying the claimant as a part-time employee. Clark contended that he should be classified as a full-time employee. The compensation judge found that Clark should be classified as a full-time employee.
On July 24, 1994, Byron Clark was incarcerated in Orleans Parish Prison and charged with the murder of his mother. Schwegmann ceased compensation payments pursuant to La. R.S. 23:1201.4, which allows an employer to terminate benefits when a claimant has been incarcerated. Subsequent to Clark’s incarceration and the discontinuance of his benefits by Schwegmann, Sabriya Clark, through her mother, Jacqueline Fuselier, asserted that she was entitled to ^receive benefits under La. R.S. 23:1201.4, because she was Clark’s natural minor daughter. Fuselier alleged that Clark had been forwarding $260.00 per month to her for the support of Sabriya.
Schwegmann’s has unwaveringly maintained that its computation of benefits is correct and that Clark has failed to demonstrate that he is physically unable to engage in any employment. It is Schweg-mann’s contention that the only reason that Clark is unable to work is because of his continued incarceration. Schwegmann also contends that it has never been proven that Sabriya should be recognized as Clark’s dependent or that Sabriya relied on his compensation award of support, both of which factors must be proven in order for Sabriya to establish entitlement to receive dependent benefits under La. R.S. 23:1201.4.
Although the compensation judge found that Schwegmann had been underpaying Clark for the period during which it voluntarily made payments to him, she refused to award benefits to Clark for the period following the cessation of payments by Schwegmann. The compensation judge *140 awarded Clark $9,500.00 in attorney fees based on a finding that Schwegmann was arbitrary and capricious in refusing to recognize Sabriya’s paternity, but then refused to award any dependent benefits to Sabriya.
Schwegmann appealed and Clark answered the appeal. The Attorney General is a party to this appeal because of certain constitutional rulings made by the compensation judge. The compensation judge made numerous findings both in her judgment and in her written reasons for judgment. Schwegmann made several assignments of error, as did Clark. The Attorney General objected to several constitutional rulings by the compensation judge. On March 25, 1996, pursuant to |3a contested motion to dismiss filed by Clark, the compensation judge signed a judgment dismissing Jacqueline Fuselier on behalf of her minor child, Sabriya, and substituted Clark as Sabriya’s representative.
On February 26, 1997, this Court issued an order transferring this case to the Supreme Court based on a finding that this Court has no appellate jurisdiction where a law or ordinance has been declared unconstitutional. La. Const.1974, Art. V, Section 5(D). The Supreme Court held that “hearing officers lack subject matter jurisdiction to determine issues of constitutionality.” Albe v. Louisiana Workers’ Compensation Corporation, 97-0014, p. 1 (La.10/21/97); 700 So.2d 824, 825. On rehearing, the Supreme Court remanded this . case to this Court “for appeal of the non-constitutional issues.” Clark v. Schwegmann Giant Supermarket, 97-0581 (La.11/21/97); 701 So.2d 1324. We must also consider the effect of Clark’s answer to the appeal. Because of the difficulty of sorting out all of these issues, we have elected to consider the effect of Clark’s answer first, and then address each of the compensation judge’s enumerated findings in the judgment in sequential order. Any issues- or assignments of error not disposed of in this manner will be considered immediately following the discussion of the twelfth (final) finding of the compensation judgment.
CLARK’S ANSWER TO THE APPEAL
The plaintiff in his answer to the defendant’s appeal raises four issues only: (1) “the Judgment of the Trial Court ... was proper in ruling in favor of the plaintiff and finding that the defendant is arbitrary and capricious and owes the defendant attorney fees in the amount of $9,500.00 for their failure to accept proof of dependency of the minor child upon the claimant”; (2) a request for an increase |4in “attorney’s fees to Appellee for further work done by counsel on appeal”; (3) “Plaintiff further wishes to raise as an additional issue the failure of the OWCA in definings of disability”; (4) a request for a writ of mandamus for a medical examination.
The first of the four issues raised by Clark in his appellate answer and enumerated above contains no request for a modification, revision, reversal or demand for compensation benefits, but is merely a statement in support of the judgment below. An appellee may assert any argument in support of the judgment supported by the record without the necessity of appealing or answering the appeal. LSA-C.C.P. art. 2133B. This issue is discussed below as the ninth numbered finding of the compensation judgment.
The second of claimant’s four issues raised in his appellate answer, his request for additional attorney fees in consideration of this appeal, is addressed as part of this Court’s consideration of the compensation judge’s ninth enumerated finding. The third issue raised by Clark in his appellate answer, which concerns “the failure of the OWCA in its definings of disability,” seems to constitute a complaint about a reason for judgment rather than a complaint about anything ordered by the judgment. It does not seek “to have the judgment modified, revised, or reversed in part or ... [demand] damages.” LSA-C.C.P. art. 2133A. It, therefore, does not *141 constitute an item of relief which may be demanded by way of an answer to an appeal. Utley — James of Louisiana, Inc., Dept. Of Facility Planning and Control v. State, Div. of Admin., 94-2504, p. 2 (La. App. 1 Cir. 10/6/95); 671 So.2d 473, 474, footnote 2. The purpose of the answer is to request some modification, revision, or reversal of the judgment or a demand for damages. | ¡¡Id. Reasons for judgment are relevant only insofar as they might bear on the merits of the requested modification, revision, reversal, or demand for damages. Moreover, there is no requirement that the reason for the requested modification, revision or reversal be stated in the answer. It is both necessary and sufficient that the desired modification, revision or reversal be requested, but the reasons need not be incorporated in the answer. The trial court’s reasons for judgment form no part of the judgment. Id.
The fourth and final issue raised by Clark in his appellate answer is his request for a writ of mandamus ordering that he be given a medical examination. This issue is addressed at the end of this opinion as the second and last of the “Additional Assignments of Error.”
An answer to an appeal and an appeal may serve an equivalent function, but they are not interchangeable. An appeal entitles the appellant to raises all issues without specifying them in either the notice or order of appeal:
Essentially, an “answer to an appeal” is itself an appeal, except that the answer must specifically state the relief requested, while an appeal usually seeks review of all parts of the judgment. State ex rel. Guste v. Pickering, 365 So.2d 943 (La.App. 4th Cir.1978 ), writ denied 366 So.2d 556 (La.1978). See also Grady v. Alfonso, 315 So.2d 832 (La.App. 4th Cir.1975).
Generally, an answer to an appeal operates as an appeal only of those parts of the judgment complained about in the answer. Liedtke v. Allstate Ins. Co., 405 So.2d 859 (La.App. 3d Cir.1981), writ denied 407 So.2d 748 (La.1981); City Savings Bank & Trust Co. v. Johnson, 286 So.2d 131 (La.App. 3d Cir.1973). However, the courts often interpret statements in an answer liberally to cover issues the appellee contests in view of the public policy favoring appeals. Liedtke v. Allstate Ins. Co., 405 So.2d 859.
| frPlotkin, Louisiana Civil Procedure, Art. 2133, § 1.
In Liedtke v. Allstate Ins. Co., 405 So.2d 859, 870 (La.App. 3 Cir.1981), writ denied 407 So.2d 748 (La.1981), the court stated that the language in an answer to an appeal should be given a broad and liberal construction rather than a restrictive one. In Liedtke, 405 So.2d at 870, footnote 2, the defendants answered the plaintiffs appeal stating: “That they are aggrieved by the finding of liability and the award of damages in the above described judgment.”
The Liedtke court ruled that this was sufficient to raise the question of whether the contributory negligence of the minor son of the plaintiff father (Liedtke) barred the recovery by the father of the minor son’s medical expenses for which the answering defendants had been held responsible, i.e., the general reference in the Liedtke answer to liability and damages was sufficient to raise those issues generally. There is no general or specific reference in Clark’s answer in the instant case to either liability or damages. Liedtke appears to be at the extreme end of the spectrum of liberality in this regard. The fact that Liedtke would permit a party who has been condemned to pay damages to argue for the reduction or elimination of the award on appeal by merely making a general complaint about liability or damages in that party’s answer to the appeal is not necessarily the same as saying that a request for additional damages may be similarly vague. There should be some direct indication in the answer that the answer is seeking damages that were not *142 awarded in the trial court. In Liedtke the parties answering the appeal were not requesting damages. They sought the reversal of that portion of the trial court judgment condemning them to pay damages.
|7An appeal imposes certain costs and formalities on the appellant not required of an appellate answer. An answer to an appeal is a much less costly and complex procedure. But the trade off is that under LSA-C.C.P. art. 2133 the answer must state whether he “demands damages,” what the “relief demanded” is, and the answer operates as an appeal only from those matters “of which he complains in his answer.” LSA-C.C.P. art. 2133. Should an appellee want carte blanche to attack the lower court judgment on any and all issues without limitation or restriction, the appellee may himself appeal, but in doing so he subjects himself to the formalities and expenses of an appeal.
From this analysis of Clark’s appellate answer, we conclude that the only requests for modification, revision, or reversal are for additional attorney’s fees and for a mandamus ordering a medical examination. No reasonable reading of Clark’s appellate answer, either directly or by implication, would permit this court to interpret it as containing a request for a modification, revision, or reversal of his own compensation claim or that of Sabriya. Accordingly, our consideration of issues raised by Clark on this appeal will be limited to these two requests for affirmative relief, plus any arguments made by Clark in support of the judgment below which he would be entitled to make even in the absence of his answer.
We shall now proceed to consider each of the enumerated findings of the judge sequentially:
1.The Worker’s Compensation Office has subject matter jurisdiction to determine the constitutionality of La. R.S. 23:1201.4.
The Louisiana Supreme Court ruled in this matter that the Office of Worker’s | sCompensation Administration does not have subject matter jurisdiction to determine issues of constitutionality in claims arising under the Workers’ Compensation Act. Albe v. Louisiana Worker’s Compensation Corporation, 97-0014, p. 1 (La.10/21/97); 700 So.2d 824, 825.[1] On remand from the Supreme Court, this Court was directed to limit this appeal to non-constitutional issues. Clark v. Schwegmann Giant Supermarket, 97-0581 (La.11/21/97); 701 So.2d 1324.
2. La. R.S. 23:1201.4 is constitutional on its face as to termination of indemnity benefits.
3. La. R.S. 23:1201.4 is unconstitutional as it applies to the claimant as to termination of medical benefits and evaluation.
4. La. R.S. 23:1201.4 is unconstitutional as it applies to the dependent minor child Sabriya Clark.
We are precluded by the remand from the Supreme Court in Clark, supra, from considering the constitutional issues raised by the compensation judgment in findings #2, #3, and #4 just quoted.
5. Sabriya Clark is the sole and partially dependent minor of Byron Clark under La. R.S. 23:1201.4.
Because the compensation judge found in holding number six, discussed immediately below, that Sabriya was not entitled to benefits, we need not consider this finding.
6. Sabriya Clark has failed to carry her burden of proof that she is entitled to 19any workers compensation benefits under La. R.S. 23:1201.4 due to the lack of current medical records/evaluations/opinions on Byron Clark’s current medical condition.
*143 Clark’s answer makes no reference to Sabriya’s benefits. Therefore, this Court will not allow Clark to revisit this issue in connection with this appeal.
7. La. R.S. 23:1201.4 does not violate Article I, Section III, of the 1974 La. Constitution.
We are precluded by the Supreme Court remand in Clark, supra, from considering this constitutional issue.
8. The “clear and convincing” burden of proof of Temporary Total Disability and Permanent Total Disability [La. R.S. 23:1221(l)(c) ] does not violate the 14th Amendment of the U.S. Constitution.
We are precluded by the Supreme court remand in Clark, supra, form considering this constitutional issue on remand. Consequently, Clark must prove his entitlement to Temporary Total Disability benefits with “clear and convincing” proof. In any event, the burden of proof does not really affect the outcome of this case because Clark’s appellate answer fails to ask for benefits denied by the trial court. An answer to an appeal only operates as an appeal from those portions of the judgment of which the answer complains. Rapp v. City of New Orleans, 95-1638, p. 54 (La.App. 4 Cir. 9/18/96); 681 So.2d 438, 459, writ denied 96-2925 (La.1/24/97); 686 So.2d 868. Raising an issue in an appellate brief is not sufficient to satisfy the requirements of LSA-C.C.P. 2133. Id.; Hill v. Cloud, 26, 391, p. 12 (La.App. 2 Cir. 1/25/95); 648 So.2d |101383, writ not considered 95-0486 (La.3/17/95, 651 So.2d 260); Arrow Fence Co., Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5 Cir.), writ denied, 468 So.2d 575 (La.1985).
9. Defendant was arbitrary and capricious. Attorney fees in the amount of $9,500.00 are assessed against defendant.
Based on a finding that Schweg-mann’s persistent refusal to recognize Sa-briya’s dependency and paternity were arbitrary and capricious, the trial court ordered the defendant to pay the plaintiff $9,500.00 in attorney’s fees.
Schwegmann asserts that since the compensation judge refused to award Sabriya any benefits that it was error for her to penalize Schwegmann for its alleged intransigence in refusing to recognize Clark as the father of Sabriya. The compensation judge found that Sabriya Clark is the sole and partially dependent minor child of Byron Clark, but awarded her no benefits because Sabriya Clark had failed “to carry her burden of proof that she is entitled to any worker’s compensation benefits under La.R.S. 23:1201.4 due to lack of current medical records/evaluations/opinions on Byron Clark’s current condition.” La.R.S. 23:1251 and 23:1252 define dependency solely for the purpose of determining entitlement to compensation benefits. They are not intended as statutes for determining paternity outside of the context of workers’ compensation benefits. The compensation statutes provide penalties and attorney fees for the refusal or failure to pay benefits under certain circumstances, such as where the refusal or failure is arbitrary or capricious. There is no provision in the compensation statutes for penalties or attorney fees for a failure or refusal of an employer to acknowledge paternity when there has been no finding of benefits owing to the Independent child. It is only where the arbitrary and capricious refusal to acknowledge paternity results in a refusal or failure to pay benefits determined to be due that the compensation statutes permit the consideration of an award of penalties or attorney fees. As . there was a determination in the instant case that no benefits were due Sabriya, the award of $9,500.00 in attorney fees by the compensation judge was error.
10.All costs of these proceedings, including all depositions introduced into evidence, are assessed against defendant.
The assessment of costs is within the discretion of the lower court. LSA-C.C.P. art. 1920. In view of the finding, *144 which we hereinafter sustain, that Schweg-mann was not paying Clark benefits at the proper rate, we find no abuse of the trial court’s discretion.
11. A Twelve percent (12%) penalty of the unpaid compensation or total of not more than Fifty Dollars per calendar day, whichever is greater, not to exceed an aggregate of Two Thousand Dollars is Not assessed against Defendant under La. R.S. 23:1201E[2] because this court does not have sufficient information to determine the duration for which it was due.
The claimant-appellee did not challenge this finding in his brief. More significantly, he did not raise it directly or by implication in his answer to the appeal. Therefore, we can only affirm this ruling.
12. Claimant is a[sic] to be paid as a full-time employee under La. R.S. 23:1021, et seq. Therefore, defendant was erroneous when it paid | ^claimant workers’ compensation rates as a part-time employee.
Schwegmann assigns as error the finding of the trial court that Clark was a full time employee. The formula under La. R.S. 23:1021(10) for computing compensation benefits is different depending on whether Clark is considered a full time employee or a part time employee. Based on the compensation judge’s finding that Clark was a full time employee, Schwegmann did not pay Clark all of the benefits to which he was entitled. Schwegmann asserts that Clark did not work forty hours per week. Plaintiff does not contend that he worked forty hours per week. But plaintiff testified that he was hired as a full-time employee at $5.00 per hour and was promised 10-12 hours per day. Moreover, Clark’s employment records with Schwegmann show that he was given the health and vacation benefits of a full time employee. Clark takes the position that “no evidence was submitted to demonstrate that Plaintiff refused to work or at his own discretion chose not to work.”
Clark did not raise this as an issue in his answer to the appeal, but he argues in support of it in his brief. Clark may assert any ground in support of the judgment rendered below without the necessity of answer. Ventress v. Union Pacific Railroad Company, 96-0501, p. 2 (La.5/3/96); 672 So.2d 668; LSA-C.C.P. art. 2133B; Plotkin, Louisiana Civil Procedure, Art. 2133, § 4.
In her written reasons for judgment the compensation judge found that Clark worked less than forty hours per week and that Schwegmann “has proven that claimant knowingly accepted employment that customarily provided for less than 40 hours per week.” But the compensation judge went on to find that Schwegmann did not prove that it classified Clark as a part time employee: “In fact, defendant | ^classified this claimant as a full-time employee for insurance purposes, etc.”
In Shortt v. Wal-Mart Stores, Inc., 95-978, p. 6 (La.App. 3 Cir. 1/31/96); 670 So.2d 369, 372, the court found that the classification of the employee as full-time by the employer outweighed the fact that the employee worked less than forty hours per week.
La. R.S. 23:1021(9) defines “part-time employee” as:
[A]n employee who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per week, and (b) that is classified by the employer as a part-time position. [Emphasis added.]
By using the conjunction “and”, La. R.S. 23:1021(9) indicates that a part-time employee is not simply one who works less than forty hours per week. To be considered part-time for workers’ compensation purposes the employee must also be classified as part-time by the employer. With the record before us, we cannot say that *145 the compensation judge was manifestly erroneous in finding that Schwegmann classified Clark as a full-time employee.
Clark’s benefits are a function of what his wages are calculated to be under one of three possible wage formulae found in La. R.S. 23:1021(10):
“Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; or
(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less |14than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident; or
(iii) If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.
We can eliminate category “(iii)” from consideration at the outset because it unambiguously applies only to part-time employees and we have already sustained the compensation judge’s finding that Clark was not a part-time employee. We must, therefore, proceed to choose between the remaining two categories, “(i)” and “(ii).” Making this choice is more difficult because neither category fits Clark’s fact situation literally. Category “(ii)” does not seem to apply because if he worked less than forty hours per week, it was not at his own discretion. Even Schwegmann contends that it did not offer him forty hours or more of work per week. But section (i) doesn’t seem to fit either because Clark was never employed for forty hours or more per week. As neither category “(i)” nor category “(ii)”appear to fit Clark exactly, we are forced to determine which fits him better.
In Baldwin v. Greater Lakeside Corp., 93-768 (La.App. 5 Cir. 1/25/94); 631 So.2d 1238, the employer took the position that it was at the claimant’s discretion that he did not work forty hours per week. The claimant testified that he was at all times willing to work forty hours per week, and that on those occasions when he did not do so, it was because his employer told him not to work because of weather conditions. Apparently, the compensation hearing officer believed the claimant-employee, finding that where the claimant employee worked less than forty hours, it was not at his own discretion. The Baldwin court maintained the findings of the hearing officer, holding that where the claimant’s testimony | ^conflicted with that of the employer’s representative, the reasonable evaluations of credibility and reasonable inferences of fact of the hearing officer should not be disturbed on appeal. We have done likewise in the instant case.
Of greater significance to the decision we are called upon to make in the instant case, is the fact that the Baldwin court held that where the claimant worked less than forty hours per week, but it was not at his discretion, LSA-R.S. 23:1021(10)® applied and not LSA-R.S. 23:1021(10)(ii). Schwegmann has cited no authority to the contrary. Therefore, we elect to follow Baldwin.
Shortt, supra, at p. 6, 670 So.2d at 372, also held that La. R.S. 23:1021(10)(a)(i) applies:
We note that Ms. Shortt does not meet the definition of a part-time employee under La. R.S. 23:1021(9), that is, an employee who as a condition of his/her hiring knowingly accepts employment that (a) customarily provides for less than forty hours per week, and (b) is *146 classified by the employer as a part-time position. Furthermore, our reading of La. R.S. 23:1021(10) does not define full-time employment as requiring that the employer guarantee a forty-hour work week. [Emphasis original.]
Although 23:1021(10)(a)(i) makes no reference to working less than forty hours per week, both Baldwin and Shortt, 670 So.2d 369 interpret that silence as permitting work weeks of less than forty-hours where the employee is classified as “full-time” or was hired to work for forty hours or more per week, and his failure to work that many hours is not within the employee’s discretion. Where the decision to work less is within the employee’s discretion, 23:1021(10)(a)(ii) clearly applies.
As the silence in 23:1021(10)(a)(i) on the question of working less than forty hours per week allows somewhat more leeway in interpretation than either of the |1fiother two categories would permit, in the absence of contrary authority, we shall follow Baldwin and Shortt, 670 So.2d 369 by affirming the holding of the compensation judge finding Clark to be a full-time rather than a part-time employee.
ADDITIONAL ASSIGNMENTS OF ERROR
A. In his brief Clark complains that the trial court erred when it denied his motion for summary judgment. He failed, however, to raise this as an issue in his appellate answer. Therefore, this matter will not be considered by this Court.
B. In his answer to the appeal, Clark requested a writ of mandamus for a Court Appointed Medical Examination pursuant to LSA-R.S. 23:1123. As we have previously noted Clark is not eligible for compensation benefits as long as he is incarcerated. Therefore, there is no reason to mandamus a medical examination for his benefit at this time. His daughter, Sabriya would be the only party who might be eligible for compensation benefits while Clark is incarcerated. But, as we explained in connection with the earlier discussion of the sixth enumerated holding of the trial court, Clark failed to properly raise the question of Sabriya’s benefits in his answer to this appeal and the issue is not before this Court. Accordingly, we have no basis for ordering a medical examination of Clark for Sabriya’s benefit.
DECREE
For the foregoing reasons the judgment of the trial court is affirmed insofar as it awards Clark compensation as a full-time employee for that period of time during which Schwegmann paid him benefits voluntarily. The charging of all costs to Schwegmann is also affirmed. The refusal of the compensation judge to award |17the percentage penalty provided by La. R.S. 23:1201F is also affirmed. The award of $9,500.00 in attorney fees is reversed. This Court did not consider the constitutional rulings of the compensation judge as the Supreme Court has already decreed that she lacked the jurisdictional authority to make such rulings. This Court did not consider the finding of the trial court that Sabriya is Clark’s partially dependent minor child because there is no award of benefits to her. This Court did not consider the request to mandamus a Court Appointed Medical Examination because the answer to the appeal failed to raise the question of Sabriya’s benefits.
AFFIRMED IN PART, REVERSED IN PART, AND NOT CONSIDERED IN PART.
MURRAY, J., CONCURS IN THE RESULT.

. Justice Johnson's subsequently issued dissent may be found at 702 So.2d at 1389 (La.12/12/97).

. In 1995 this section was redesignated as 23:1201F.