DOUCET, Judge.
In this workmen’s compensation claim, Roosevelt Anderson seeks benefits for total permanent disability, penalties and attorney’s fees. Anderson brought suit against his employer, Meeker Sugar Cooperative, Inc. (Meeker), and its insurer, Fidelity and Casualty Company of New York. From a judgment dismissing his claim, Anderson appeals. We affirm.
FACTS
It was stipulated that Anderson was involved in a work-related accident on April 21, 1981, and compensation payments were made at the rate of $117.00 per week for a period beginning April 29, 1981 through July 12, 1981, plus all medical.
On April 21, 1981, Anderson was installing a flange on an acid tank when a ladder, upon which he was situated, fell causing Anderson to drop approximately ten to fifteen feet to the floor. He was taken to Dr. Carlton’s Clinic for examination and then was referred to the St. Frances Cabrini Hospital in Alexandria. He was released from the hospital after 24 hours. Dr. Carlton did not testify in this suit but Anderson stated that, after the fall, he was hurting in the right side, knee, wrist, hands and chest. He stated his “whole body was in pain.” He stated that Dr. Carlton gave him medication.
Dr. Carlton referred Anderson to Dr. Louis Perdue, an orthopedic surgeon, on May 6, 1981. Dr. Perdue testified that Anderson complained of pain in the left knee, his sides, rib cage and neck. There were no complaints of back injury. This physician examined Anderson, took X-rays of the neck and wrist area. The X-rays were normal. He felt that Anderson had suffered bruises and contusions but had no permanent disability. He recommended the use of a heating pad and aspirin.
Dr. Perdue further saw Anderson on May 15, May 29, June 15 and July 13, 1981. His complaints were about the same except that he began complaining of back pain on June 15, 1981. An X-ray of the lumbar region on the latter date was normal. Dr. Perdue released Anderson to return to work as of July 13, 1981.
Anderson returned to Dr. Perdue several times thereafter with the same complaints. Dr. Perdue could not find any objective medical reason for Anderson’s complaints. He saw Anderson for the last time on April 19, 1982, He concluded that Anderson was recovered and was exaggerating his complaints.
Dr. T.E. Banks, an orthopedic surgeon, examined Anderson in July 1981 at the request of Dr. Carlton. Anderson complained of pain in thumb, left back and rib cage. Dr. Banks stated that his examination revealed no objective findings which might support Anderson’s complaints. He concluded that Anderson could perform his duties with Meeker.
Dr. Carlton referred Anderson to Dr. John Patton, a neurological surgeon, for examination. This physician examined Anderson on two occasions. On October 1, 1981, Anderson was complaining of spine and leg pain. He also complained of general pain throughout his body. An examination revealed no neurological basis for the complaints. Anderson was seen by this physician again on August 17, 1982. He was complaining of back pain. A neurological examination and a cat scan revealed no abnormality or basis for the complaints. Dr. Patton stated that Anderson probably had a situation anxiety due to a concern for secondary gain.
Anderson moved from Pineville to the New Orleans area. He was then referred by his attorney to Dr. David Jarrott, a neurosurgeon. On the first examination, February 1, 1983, with Dr. Jarrott, Ander *1158 son complained of back, neck, leg, rib cage and groin pain. An examination revealed no abnormality that could serve as a basis for the complaints. Dr. Jarrott was not able to decide whether he was suffering from traumatic neurosis.
Dr. Jarrott examined Anderson again on February 16, 1983. He found the back normal. He recommended psychological testing. He had a cat scan performed. He felt that he could detect a slight bulge at the L4-L5 level. He diagnosed Anderson’s problem as anxiety reaction with a chronic lumbar insufficiency. He did not feel that the cat scan was definitive enough for a back diagnosis and therefore recommended that a myelogram be performed. The record does not refect that a myelogram was performed.
Anderson was seen by this physician the last timq on August 24, 1983. He found the lumbar examination to be negative. He recommended psychiatric examination. He felt that concern for a secondary gain may have been a factor in Anderson’s problem. He concluded that Anderson could perform his usual work.
Anderson testified that he had continuous pain in several parts of his body including the back area. He stated that he was unable to work without pain since the accident. His testimony was supported by that given by his wife.
Compensation payments were terminated July 13, 1981 and this suit followed.
ISSUE
Whether the trial court erred in its ruling that Anderson had not proved disability beyond July 13, 1981.
CONCLUSION
The general rules of law applicable to this type of situation are set forth in the case of Sepulvado v. Willamette Industries, 459 So.2d 1342, 1344 (La.App. 3rd Cir.1984), which stated as follows:
“While in compensation cases the law is to be liberally construed in favor of the employee, the plaintiff in a compensation suit is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Fogleman v. Boy O. Martin Industries, Inc., 432 So.2d 1197 (La.App. 3rd Cir.1983); Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3rd Cir.1983); Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3rd Cir.1982). Moreover, whether a plaintiff’s pain is substantial enough to render him disabled is a question of fact to be determined by the trier of fact; such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility furnishes a reasonable factual basis for such findings, unless such findings are clearly wrong. Fogleman v. Roy O. Martin Industries, Inc., supra.
We have examined the record with these principles in mind. In view of the testimony of the physicians herein, we conclude that the trial court’s determination is fully supported by the record. Thus, we shall affirm the judgment.
For these reasons, the judgment of the trial court is affirmed. Anderson shall pay the costs of this appeal.
AFFIRMED.