509 So.2d 519 (1987)
David JOHNSON, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-482.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Writ Denied June 5, 1987.
Donald Mayeux, Eunice, for plaintiff-appellee.
Brinkhaus, Dauzat, Falgoust, Jerry Falgoust, Opelousas, for defendants-appellants.
*520 Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Plaintiff, David Johnson, while in the employ of Controlled Maintenance, Inc., injured his back on June 3, 1985. Travelers Insurance, the insurer of Controlled Maintenance, paid weekly benefits of $128.00 for the first nineteen weeks and thereafter reduced the benefits to $66.00 per week based on his average weekly salary of $79.00 for the full four weeks preceding his injury. The workmen's compensation board made this finding and plaintiff rejected the amount and thereafter filed suit.
The case was tried and on March 12, 1986, the lower court rendered written reasons for judgment, finding plaintiff to be a full-time employee within the meaning of the worker's compensation statute. Additionally, the lower court found that plaintiff was entitled to two-thirds of $12.00 an hour for 40 hours per week, which is $320.00. The lower court noted, however, that this amount exceeded the statutory maximum of $254.00 per week. Thus, an award of $254.00 per week was made, subject to a credit of the amount earlier paid by defendants.
Defendants requested a new trial but this request was denied. Defendants now appeal.
The only issue on appeal is whether plaintiff was correctly classified as a "full-time" employee within the meaning of the workmen's compensation statute. We find that he was.
La.R.S. 23:1021(9) defines a "part-time" employee as one "who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per week, and (b) that is classified by the employer as a part-time position."
As correctly stated by the learned trial judge in his well written reasons for judgment:
"Those provision [sic] dealing with part-time employee had not been subjected to judicial scrutiny at the time of the instant case was heard, but they have received some comments in legal treatsies [sic]. Louisiana Civil Law Treatisie [sic] Worker's Compensation Law and Practice, 2nd ed., Malone and Johnson, Section 322 (pocket part pp. 6-9). Professors Malone and Johnson are critical of the new provisions concerning part-time employees for several reasons, but they made a special note to warn employers to be careful to define part-time status of certain employees and establish some procedure to satisfy the criterion that the employee has "knowingly" taken a part-time job. (pocket part p. 7.)
"Workmen's Compensation rests upon the sound economic principle that those who enjoy the product of a business whether it be in the form of goods or servicesshould ultimately bear the costs of the injuries or deaths that are incident to the manufacture, preparation and distribution of the product." Malone and Johnson, supra, Section 32, p. 38. These costs are then passed on to the consumer. supra, Section 32, p. 39. The alternative is to have the employee shoulder the costs for which he is ill equipped to do, and he cannot pass the costs on to the consumer. See also Trappey v. Lumberman's Mut. Cas. Co. 229 La. 632, 86 So.2d 515 (1956); Green v. Heard Motors Co., 224 La. 1077, 71 So.2d 849 (1954). Our Supreme Court held that the Compensation Act must be given a liberal interpretation to effecurate [sic] its beneficent purpose of relieving workmen of the crusing [sic] economic burden of work-connected injuries by diffusing the cost in channels of commerce. Danielsen v. Security VanLines, Inc. 245 La. 450, 158 So.2d 609 (1963). This court could find nothing in the 1983 Amendments that evidenced a legislative intent to abrogate the compensation principle or the liberal interpretation of the Worker's Compensation laws in favor of the employee. Accordingly, this court finds that David Johnson was not a part-time employee because the evidence failed to establish that "as a condition of his hiring" he knowingly accepted employment that (1) customarily provides for less than forty hours per work week. The fact that the employer considered him part-time (See Simmoneaux's testimony) *521 has no bearing on this ultimate issue. The employer's subjective attitude must be coupled with an objective finding that the employee knowingly accepted employment under those limited conditions at the time of his hiring. The employer in this case could have protected itself very easily after the effective date (July 1, 1983) of the amendments to the act by drafting a simple agreement for the employee to sign which indicated that the employee was accepting future employment with the company on a part-time basis and with some reasonable explanation of the consequence of accepting employment under the circumstances."
We agree with the trial judge's interpretation of La.R.S. 23:1021(9). The record is replete with evidence that plaintiff did not "knowingly" accept employment that customarily provides for less than forty hours per week. Plaintiff considered himself to be a full-time, regular employee. Plaintiff has worked regularly for Controlled Maintenance and one of its other two companies for the past nine years. The other two companies that plaintiff worked for were subsidiaries of Controlled Maintenance and his salary over the past nine years was always paid through the same office. Furthermore, plaintiff was always available for work and he worked as much as they needed him. The record reflects that plaintiff was never told that he was classified or considered "part-time". It is incumbent upon employers to define "part-time" status of certain employees and to establish some procedure to satisfy the criterion that the employee had knowingly taken a part-time job. Because Controlled Maintenance did not do so, we find, as did the trial court, that plaintiff was considered a full-time employee within the meaning of the worker's compensation statute. Thus, plaintiff is entitled to the rate commensurate with this category, $254.00 per week.
Accordingly, for the foregoing reasons we affirm the judgment of the trial court at appellants' cost.
AFFIRMED.
KNOLL, J., concurs and assigns reasons.
KNOLL, Judge, concurring.
I fully concur in the holding of the majority opinion. This concurrence is prompted because I further conclude that Controlled Maintenance and Travelers did not establish that plaintiff's employment customarily provided for less than 40 hours of work per week. The record clearly establishes that whenever plaintiff was called to work for Controlled Maintenance he did not know how many hours per week he would be working; depending on the job involved he may work 10, 40 or 50 hours per week. For example, in 1985 within the 5 months prior to the work-related accident plaintiff was employed by Controlled Maintenance 3 or 4 weeks (among the total weeks worked that year) in which he worked 7 days a week, 12 hours a day, until the job was completed.