KLEES, Judge.
Plaintiff, Edward Dehart, instituted this worker’s compensation suit against his employer, Betty Breaux Personnel, Inc., (“Betty Breaux Personnel”) seeking total and permanent disability benefits, medical expenses and statutory penalties and attorney’s fees as a result of a work related accident. From the trial court’s judgment in favor of plaintiff, both plaintiff and defendant appeal.
On August 15, 1984, plaintiff was employed by defendant, Betty Breaux Personnel, a labor service. Weiner Cort Furniture Rental Company, (“Weiner Cort”) obtained several Betty Breaux Personnel employees, including the plaintiff, to move furniture into the dormitories at Tulane University. Mr. Rick Shattuck, an employee of Weiner Cort, supervised both Weiner Cort’s employees and the men from Betty Breaux Personnel in performing the contracted work which took several days. At the end of the last day on the job with a few pieces of furniture left to be moved, Mr. Shattuck took some of the workers into the dormitory and told the others to remain outside by the truck. While waiting by the truck to return to Weiner Cort, plaintiff climbed a pear tree right outside the dormitory in order to get a pear to eat. A branch broke and the plaintiff fell to the ground, breaking both wrists and lacerating his head. Plaintiff was taken to Charity Hospital, had both wrists operated on and was released on October 22, 1984. Subsequently, plaintiff filed suit against Betty Breaux Personnel for total and permanent disability benefits contending that he was unable to perform any type of work because of wrist problems. Betty Breaux Personnel impleaded Weiner Cort for indemnification and/or contribution.
After a trial on the matter, the judge entered judgment for the plaintiff awarding him rehabilitation and temporary total disability benefits but denying his request for statutory penalties and attorney’s fees.
The issues raised on appeal are: 1) whether or not the plaintiff was injured in an accident arising out of his employment; 2) whether or not plaintiff was entitled to vocational rehabilitation and disability benefits; 3) whether plaintiff was a full-time or part-time employee of Betty Breaux Personnel and; 4) whether or not plaintiff is entitled to penalties and attorney’s fees for defendant’s failure to pay workmen’s compensation benefits.
In his Preliminary Reasons for Judgment, the trial judge stated that the plaintiff’s conduct and injury were analagous to the “horseplay” line of cases in the Louisiana jurisprudence, and thus, the injury arose out of the plaintiff’s employment. The defendants contend the trial judge’s finding is erroneous and that the plaintiff’s injury was the result of voluntary conduct unrelated to his job and did not arise out of his employment. The criteria for payment of compensation is set forth in LA-R.S. 23:1031:
“If an employee ... received personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”
The terms arising out of, and in the course of are not synonymous. The former suggests an inquiry into the character or origin of the risk, while the latter brings into focus the time and place relationship between the risk and the employment. The *458 two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arising-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. Furthermore, each case must be determined from its own facts. Lisonbee v. Chicago Mill & Lumber Company, 278 So.2d 5 (La.1973).
In the instant matter, the second requirement, during the course of employment, is satisfied. The remaining question is whether the arising out of requirement is satisfied. The record indicates that the plaintiff and other employees were told to wait outside by the truck while their supervisor, Mr. Shattuck and other workers finished moving the last few pieces of furniture into the dormitory. It was at the end of the day and the plaintiff and the other workers were ready to return to Weiner Cort. The plaintiff testified that he was hungry because he forgot his lunch and had nothing to eat the entire day. He said that during the course of the work week, several of the workers had picked pears and eaten them, so he decided he would pick one and eat it while they waited. Mr. Shattuck testified that he warned a group of the workers to stay away from the tree because Tulane officials voiced complaints to him about the workers picking the pears. He further testified that he could not remember if the plaintiff was present among the group he warned.
The courts have consistently recognized that, during idle periods in the course of employment, working men will engage in jocular activities with fellow employees. There is general accord in the decisions that accidents occurring during horseplay in the course of employment also arise out of employment. Singleton v. Younger Brothers, Inc., 247 So.2d 273 (La.App. 4th Cir.), writ denied, 249 So.2d 202 (La.1971). It should also be noted that in those workmen’s compensation matters where ‘horseplay’ and ‘fooling around’ have been judicially tolerated, the acceptable incidents have occurred while the workers are on the job or in the process of leaving the employer’s premises after having finished the day’s work.
Under the circumstances in this matter, it is reasonable to anticipate that horseplay can occur, as the workers normally would not expect to stand by silent and still while waiting for their supervisor and the other employees to finish moving the last few pieces of furniture. It is also reasonable to anticipate that one or more of the workers would attempt to pick fruit out of the tree during an idle period because there was ample evidence that the workers had shown an interest in the tree while working in the Tulane dormitories. That risk, being expectable under such conditions, is a risk which arises out of employment. We conclude that the trial judge was correct in finding that the accident arose out of and was in the course of plaintiff’s employment.
The second assertion of error raised by the defendants is that the trial court improperly awarded the plaintiff rehabilitation and temporary total disability benefits.
Recently, we addressed the issue of whether a claimant was entitled to total disability benefits and rehabilitation services in Harris v. Rumold, 518 So.2d 9 (La. App. 4th Cir.1987). In that case, we stated:
When claiming a total disability, whether permanent or temporary, the plaintiff must prove his inability to engage in any gainful occupation whether or not the same or similar to that in which he was customarily engaged when injured. Bailey [v. Zurich American Ins. Co., 503 So.2d 611 (La.App. 4th Cir. 1987) ], supra. Once the trial court has made factual findings as to disability, the reviewing court must give great weight to those determinations. Virgil v. American Guar. & Liability Ins., 507 So.2d 825 (La.1987). Reasonable evaluations of credibility and reasonable inferences of fact by the trial court will not be disturbed on appeal unless such findings are manifestly erroneous. Anderson v. Meeker Sugar Co-Op., Inc., 476 So.2d 1156 (La.App. 3rd Cir.1985); Virgil, supra. The reason for this principle of review is based upon the trial court’s *459 opportunity to evaluate live witnesses, as compared to an appellate court, which only has access to a cold record. Virgil, supra. Id. at 12.
It is well settled that a claimant is entitled to an award for temporary total disability if he establishes that he is unable to pursue either the same occupation or another gainful occupation at the time of trial, though it appears he will be able to return to some type of work in the foreseeable future. Harris, Id.
Although the trial judge found the plaintiffs ability to earn wages at a variety of small jobs was demonstrated at trial, he still concluded that the plaintiff was entitled to temporary total disability benefits. At trial, the plaintiff testified that after the accident he worked as a service station attendant but was fired because of the impairment of his arms. He also testified that he worked for a short time as a groundskeeper of a commercial complex in San Antonio. The court appointed Dr. Raymond Kitziger to examine the plaintiff’s wrists to determine his disability since the treating physicians only rated his upper extremities and not his hands. Dr. Kitziger found that as a result of plaintiffs injury, he had a 30 per cent loss of wrist flexion in the left wrist. The right wrist revealed a 10 per cent diminishment of rotation. Dr. Kitziger also found that although the plaintiffs left hand grasp was full and his fingers functional, the plaintiff would be affected with constant pain with use of the hand. He rated the plaintiffs permanent disability at slightly less than 50 per cent to each hand. Dr. Kitziger also felt the evaluations of Dr. Stuart Phillips and Dr. Donald Faust, plaintiffs treating physicians, were consistent with his findings. Based on Dr. Kitziger’s evaluation the trial judge concluded the plaintiff was not able to obtain a gainful occupation at the time of trial. We do not find this conclusion to be manifestly erroneous and thus, it should not be disturbed.
Regarding benefits for rehabilitation, the defendants argue that over two years have elapsed between the time the plaintiff was discharged from Charity Hospital on October 22, 1984 and the time he requested rehabilitation benefits on January 27, 1987, the day of trial. While this is the case, we do not agree with the defendant’s contention. We do not consider Charity Hospital to be the “treating physician” determining termination of temporary total disability required by La.R.S. 23:1226(E). After the plaintiff had the casts on his wrists removed at Charity Hospital he sought treatment by two other doctors, Dr. Faust and Dr. Phillips, who determined that his wrists would not fully recover and his work performance would be substantially restricted. A two year period had not elapsed since plaintiff was treated by these physicians and his claim for rehabilitation benefits has not prescribed.
It is well settled that the objective of rehabilitation is to educate and increase the job marketability of employees who cannot return to their former positions. Works v. Trinity Universal Insurance Company, 501 So.2d 1045 (La.App. 2d Cir.1987), writ denied, 503 So.2d 480 (La.1987). The trial judge found that the plaintiff’s injury substantially diminished the plaintiff’s ability to compete in the job market. We agree with this finding. The medical evidence in the record shows that plaintiff suffers pain and swelling in his wrists. Due to this he has been restricted to non-strenuous work which does not exert much pressure on the hands or entails constant use of his hands. His capacity as a laborer has been substantially limited and affected his ability to return to his former position. Additionally, both Dr. Phillips and Dr. Kit-ziger advised rehabilitation was needed and once completed plaintiff could find satisfactory employment. The trial court’s finding that the plaintiff is entitled to rehabilitation services is not manifestly erroneous and should be upheld.
Defendants also contend that the trial judge erred in classifying plaintiff as a “full-time” employee within the meaning of the workmen’s compensation statute. They contend that the plaintiff is a “part-time” employee within the meaning of the statute and that the trial judge erred in calculating plaintiff’s average weekly wage *460 based on 40 hours per week, rather than his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of injury. La.R. S. 23:1021(9) defines a “part-time” employee as one “who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per work week, and (b) that is classified by the employer as a part-time position.” The statutory provision dealing with the part-time employee has been subject to very little judicial scrutiny in Louisiana jurisprudence. The court in Johnson v. Travelers Insurance Company, 509 So.2d 519 at 521 (La.App. 3rd Cir.1987), considering the question, stated “it is incumbent upon employers to define ‘part-time’ status of certain employees and to establish some procedure to satisfy the criterion that the employee had knowingly taken a part time job.” The court went on to say that the employer could protect itself by drafting a simple agreement for the employee to sign which indicated that the employee was accepting future employment with the company on a part-time basis and with some reasonable explanation of the consequence of accepting employment under the circumstances.
The record does not indicate that Betty Breaux Personnel had its employees sign such an agreement. However, reviewing the facts in this case, we do not agree with the trial judge’s statement, “The fortuitous fact that plaintiff worked less than 40 hours establishes neither a custom nor a classification as part-time.” In this matter, Ms. Jean Wurenstein, the office manager of Betty Breaux Personnel, testified that the plaintiff was employed at Betty Breaux Personnel as a casual laborer for approximately four weeks. Additionally, she stated that the plaintiff was not hired as a full-time employee. She testified that as a temporary employment service, Betty Breaux would contract out the services of particular employees depending on when there was a job available and the specific type of work a customer’s contract required. Furthermore, she stated that she specifically informed plaintiff of this policy. Plaintiff’s pay records also establish that during the four week period in which the plaintiff was employed by Betty Breaux Personnel, he never worked more than 30 hours per week. Betty Breaux Personnel also classified the plaintiff as a part-time employee.
The facts in Johnson are clearly distinguishable from those in the present case. In Johnson, the plaintiff considered himself to be a full-time, regular employee. The plaintiff had worked regularly for the defendant company, Controlled Maintenance, and one of its subsidiaries for over nine years. Furthermore the plaintiff in Johnson was always on call and would work as much as Controlled Maintenance needed him. The evidence in Johnson also clearly established that the plaintiff was never told that he was classified or considered part-time.
The plaintiff in the instant case did not refute or contradict Ms. Wurenstein’s testimony that he knowingly accepted employment that customarily provided for less than forty hours per week. Therefore, considering the evidence in the record, we conclude the trial judge’s classification of plaintiff was erroneous. Since we have the evidence before us it is appropriate for us to recalculate the plaintiff’s compensation rate in accordance with LA-R.S. 23:1021(9) and 23:1021(10)(iii). Plaintiff’s compensation rate as part-time employee is $66.00 per week and therefore, the amount of temporary total disability benefits awarded by the court should be $640.14 and not $900.73 as the trial court found.
Lastly, the plaintiff argues the trial judge erred in not awarding penalties and attorney’s fees against the defendants for failure to pay workmen’s compensation benefits. We disagree. It is well established that under LA-R.S. 22:658, an insurer is liable for penalties and attorney’s fees when it is arbitrary and capricious in failing to pay compensation benefits, and that under LA-R.S. 23:1201.2, the employer who “is not covered by insurance” is subjected to the same penalty. However, in this case, the only defendant the plaintiff sued is Betty Breaux Personnél the employer, and the record reflects that Betty Breaux *461 Personnel, was covered by a worker’s compensation insurance policy at the time of the accident by St. Paul Fire and Marine Insurance Company. ‘An insured employer should not be assessed penalties and attorney’s fees.’ Fontenot v. Great Southern Oil & Gas Co., Inc., 434 So.2d 621 at 623, (La.App. 3d Cir.1983), citations omitted.
Accordingly, for the foregoing reasons the judgment of the trial judge is upheld in all respects except that as we previously concluded, the plaintiff should be classified as a part-time employee for purposes of calculating his worker’s compensation benefits.
AFFIRMED IN PART; MODIFIED IN PART AND RENDERED.
BARRY, J., concurs.