737 So.2d 142 (1999)
Deborah LEGER, Plaintiff-Appellee & Appellant,
v.
A-1 NURSING REGISTRY and Louisiana Workers' Compensation Corporation, Defendants-Appellants & Appellees.
No. 98-1731.
Court of Appeal of Louisiana, Third Circuit.
April 28, 1999.
Writ Denied September 24, 1999.
*143 Randall Scott Iles, for Deborah Leger.
Travis R. LeBleu, Baton Rouge, for A-1 Nursing Registry.
BEFORE: DOUCET, C.J., SAUNDERS AND SULLIVAN, JUDGES.
SAUNDERS, Judge.
There are three errors submitted for review in this case. Deborah Leger, hereinafter "Plaintiff," asserts two errors, and A-1 Nursing Registry and Louisiana Workers' Compensation Corporation, hereinafter "Defendants," assert one error. Plaintiff claims that the workers' compensation judge erred in assigning an inadequate suspensive appeal bond. Defendants assert there was an error in the finding that the claimant was a full-time employee with all benefits of such classification. Plaintiff further claims that the workers' compensation judge committed manifest error in failing to award penalties and attorney fees to Plaintiff. The issue of bond sufficiency is not properly before us. We affirm the finding of full-time status and reverse and render on the issue of penalties and attorney fees.

FACTS
Plaintiff is a nurse who began working with Defendant, A-1 Nursing Registry Inc., hereinafter "A-1," in February of 1995, as an independent contractor. At the time, Plaintiff was also working with two other companies. In April of 1995, Plaintiff quit the other two companies to work exclusively with A-1. Plaintiff alleges she quit the other companies because she was told that she would be assigned a patient by A-1 that would allow her to work forty or more hours a week. While working with this patient, Plaintiff injured her back. This occurred on February 23, 1996, and Plaintiff has not worked since. Plaintiff began receiving temporary total benefits from Defendant, Louisiana Workers' Compensation Corporation, "hereinafter LWCC". Plaintiff filed a petition for Workers' compensation benefits and an LDOL form 1008 on February 4, 1998. Plaintiff claimed she should be receiving the maximum compensation rate of $330.00 a week rather than the $268.75 she was receiving at the time. Plaintiff filed a motion for summary judgment on May 21, 1998. Defendants filed an opposition and attached evidence in support of said opposition. Hearing was held on August 11, 1998. At the hearing the workers' compensation judge found that Plaintiff was a full-time employee entitled to the maximum compensation rate of $330.00 based on a forty hour presumption of wages and granted the summary judgment. The workers' compensation judge denied Plaintiff's request for penalties and legal fees.

BOND SUFFICIENCY
First, we address whether the amount of the suspensive appeal bond ordered by the workers' compensation judge was inadequate. The amount of the appeal bond is set according to La.Code Civ.P. art. 2124(B)(1), which states:
When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
The appropriate court to review this matter is the trial court that originally set the bond. The trial court retains jurisdiction under La.Code Civ.P. art.2088 stating, in pertinent part:
[T]he trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

*144 . . . .
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
The Plaintiff must assert her claim of an insufficient bond in accordance with La. Code Civ.P. art. 5123, which states in part:
Any person in interest wishing to test the sufficiency, solvency or the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the trial court in which the proceeding was brought to show cause why the bond should not be decreed insufficient or invalid, and why the order, judgment, writ, mandate, or process conditioned on the furnishing of security should not be set aside or dissolved.
The trial court is the appropriate venue to review the sufficiency of the bond. Accordingly, the issue of bond sufficiency is not properly before us.

FULL TIME STATUS
Defendants claim that the workers' compensation judge was in error in finding that Plaintiff was a full-time employee entitled to a forty hour presumption in formulating the Plaintiff's Workers' compensation benefits. The workers' compensation judge's decision that the Plaintiff was a full-time employee is based on LSA-R.S. 23:1021. The test to determine part-time status is laid out in La.R.S. 23:1021(9), which states:
"Part-time employee" means an employee who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per work week, and (b) that is classified by the employer as a part-time position.
The workers' compensation judge, after looking at the evidence provided by both sides, found that Plaintiff did not know that the position was classified as part-time and, as such, was a full-time employee according to statute. The workers' compensation judge then granted summary judgment. Summary judgments are subject to de novo review on appeal, and the reviewing court must ask the same questions as a trial court: "whether there is a genuine issue of material fact ... and whether the party is entitled to judgment as a matter of law." Pendleton v. Barrett, 97-570 p. 7 (La.App. 3 Cir. 12/23/97); 706 So.2d 498, 502. Since a reviewing court may not weigh conflicting evidence on a material fact, and where this court finds an insufficient record to dispose of this conflicting evidence, a trial on the merits is the only appropriate recourse. Quigley v. T.L. James and Co., Inc., 595 So.2d 1235 (La.App. 5 Cir.1992). Two prior decisions by this court support Plaintiff's contention that she does not fall under the classification of part-time employee. The first of these is Johnson v. Travelers Insurance Company, 509 So.2d 519 (La.App. 3 Cir.), writ denied, 510 So.2d 378 (La.1987) wherein this court stated:
It is incumbent upon employers to define "part-time" status of certain employees and to establish some procedure to satisfy the criterion that the employee had knowingly taken a part-time job.
In Scott v. Central Industries, Inc., 602 So.2d 201 (La.App. 3 Cir.1992), this court noted "[a]ny measure short of informing the employee of his part-time status does not satisfy the requirement of LSA-R.S. 23:1021(9)." Id. at 205. Defendants admit that Plaintiff was not classified as a part-time employee. Instead Defendants point towards the original employment contract and Plaintiff's pay stubs as objective proof to establish the Plaintiff knew the position was part-time. In support of this theory, Defendants cite Dehart v. Betty Breaux Personnel, Inc., 535 So.2d 456 (La.App. 4 Cir.1988) and Schexnyder v. PMB Operators, 93-1178 (La.App. 3 Cir. 5/4/94); 636 So.2d 1146. Defendants use these cases in an attempt to distinguish the case sub *145 judice from the prior cases decided by this court. In these cases, the respective courts found that the lack of written confirmation that the position was part-time did not place the employers in violation of La.R.S. 23:1021(9) where there was testimony by defendants (unrefuted by plaintiffs) along with objective evidence to show that the employee had knowledge that the position was classified as part-time. Defendants contend that the cases they have cited support the proposition that objective evidence is sufficient to show notification. We note those cases are distinguishable from this case in that in both of those cases there was, beyond the objective evidence, testimony showing that the employees had been notified the positions were part-time. Defendants have offered no evidence in writing or any testimony of their own to show they informed Plaintiff that she would be a part-time employee. The only testimony is that of Plaintiff, who states at no time was she informed that she was only part-time. Plaintiff testified that she was told she would be working forty hours a week if she accepted the assignment. In light of this offer, for forty hours a week, Plaintiff quit two other jobs that, when combined with her job with 1, kept her employed for more than forty hours a week. Plaintiff at no time testified she was told she would be a part-time employee. As to the contract, we note it does not inform Plaintiff that she is considered a part-time employee and as such does not support Defendants' contention that Plaintiff knowingly accepted a part-time position. The weight of the pay stubs does not support Defendants' theory, as will be shown in the paragraph following.
Defendants in the alternative assert that the compensation was figured correctly under La.R.S. 23:1021(10)(a)(ii) stating:
If the employee is paid on an hourly basis and the employee was offered employment for forty or more hours but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident;....
There is nothing in the record to show that Plaintiff chose of her own accord to work less than forty hours a week. The only evidence in the record is Plaintiffs testimony and the pay stubs. The pay stubs prove only that Plaintiff was not working forty hours a week. Plaintiff testified she could not work forty hours a week due to the repeated hospitalizations of the patient. These hospitalizations and the subsequent loss of work time were not at Plaintiff's discretion.

PENALTIES AND ATTORNEY FEES
Plaintiff asserts the workers' compensation judge committed manifest error in not awarding penalties and attorney fees to Plaintiff.
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong,' and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
Rosell v. ESCO, 549 So.2d 840, 849 (La. 1989), citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The role of an appellate court is not to review factual issues de novo. Id. Virgil v. American Guarantee and Liability Insurance, 507 So.2d 825, 826 (La.1987) explains:
Louisiana's three-tiered court system allocates the fact finding function to the trial courts. Because of that allocation of function (as well as the trial court's normal procedure of evaluating live witnesses), great deference is accorded to the trial court's factual findings, both express and implicit, and reasonable evaluations of credibility and reasonable inferences of fact should not be *146 disturbed on appellate review of the trial court's judgment.
The applicable statute for the award of penalties is La.R.S. 23:1201(F) which states, in part:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, which ever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
The workers' compensation judge's decision to not award penalties and attorney fees is based on La.R.S. 23:1201(F)(2) which states "This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." This court in reviewing the decision to not award penalties and attorney fees must not upset the trial court's decision unless it has made a "manifest error" or is "clearly wrong." Upon review of the record we find Defendants relied on an employment contract and payment stubs to prove that they were reasonable in believing Plaintiff's position was classified as part-time. The pertinent clauses in the contract cited by Defendants read as follows:
(B) A-1 will contract Independent Contractor when his or her services are needed, and agrees to advance payment biweekly pending receipt of insurance payment by the client.
(C) A-1 is not required to provide any specific number of hours, nor can A-1 guarantee hours to Independent Contractor.
Nowhere in this evidence is there a statement that this job is classified as a part-time position. La.R.S. 23:1021(9) is clear and unambiguous when it states a job must be "classified by the employer as a part-time position." Defendants also claim that they did not classify the job as part-time due to Plaintiff's status as an independent contractor. La.R.S. 23:1021(6) states:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
A-1 did not just assign the patient to Plaintiff but additionally required Plaintiff to undergo specialized training before her assignment. This clearly demonstrates that the Plaintiff was under the control of her "principal ... as to the means by which such result is accomplished, ..." and as such "the independent contractor is expressly covered by the provisions of this Chapter." In order for Defendants to not have to pay penalties and attorney fees they must have "reasonably controverted" the claim as required in LSA-R.S. 23:1201(F)(2). Defendants cite Fontenot v. J.K. Richard Trucking, 97-220 pp. 12-13 (La.App. 3 Cir. 6/4/97); 696 So.2d 176, 182; citing Granger v. Nelson Logging, 96-233 (La.App. 3 Cir. 12/4/96); 685 So.2d 400, which states:
An employer will only be responsible for penalties and attorney fees if it fails to reasonably controvert a Workers' compensation claim, and if its failure to pay benefits is arbitrary, capricious, and without probable cause. LSA-R.S. 23:1201, 1201.2. However, an employer *147 will not be penalized for bringing a close issue to court.
Defendants relied first on a contract that clearly does not comply with La.R.S. 23:1021(9) to controvert Plaintiff's claim. They additionally relied on pay stubs that show nothing more than that Plaintiff did not work forty hours a week and that Plaintiff, being an independent contractor, did not require a classification. The pay stubs cannot show that Plaintiff accepted the position knowing it was part-time since any pay checks could not have been received until after the position was accepted. Further, they do not show that Plaintiff did not work at her own discretion since all the pay stubs show are hours worked and not any reasons for discrepancies in the daily hours reported. Defendants' evidence does not reasonably controvert Plaintiff's claim. The workers' compensation judge committed clear legal error in not awarding penalties. In view of the unreasonableness of Defendants in not complying with La.R.S. 23:1201(F) and of the work put forth by Plaintiff's counsel both on the trial court level and on appeal, we find that attorney fees must be awarded. We find that penalties, in the amount of $2,000 or 12% of the unpaid compensation, whichever is greater, and attorney fees, in the amount of $5,000, should be awarded to Plaintiff.

DECREE
In light of the above reasons, we remand as to the sufficiency of the bond, affirm the finding of full-time employment, and reverse on the issue of penalties and attorney fees. We award penalties in the amount of either $2,000 or 12% of the unpaid benefits, whichever is greater, and $5,000 in attorney fees in accordance with La.R.S. 23:1201(F). Defendants are to pay $1,500 to Plaintiff for appeal costs.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.