758 So.2d 320 (2000)
J.E. MERIT CONSTRUCTORS, INC.
v.
Zeno HICKMAN.
Zeno Hickman
v.
J.E. Merit Constructors, Inc.
Nos. 99-1389, 99-1390.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
*321 Kirk L. Landry, Keogh, Cox and Williams, Ltd., Baton Rouge, LA, Counsel for Plaintiff-Appellee, J.E. Merit Constructors, Inc.
William H. Goforth, Lafayette, LA, Counsel for Defendant-Appellant, Zeno Hickman.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD and ELIZABETH A. PICKETT, Judges.
SAUNDERS, Judge.
This workers' compensation matter arises from an injury suffered by Zeno Hickman, hereinafter "Plaintiff," while working for his employer, J.E. Merit Constructors, Inc., hereinafter "Defendant." Plaintiff brought suit seeking penalties and *322 attorney's fees for untimely reduction of temporary total disability (TTD) benefits to supplemental earnings benefits (SEB's) and for wrongful termination of the later. The hearing officer found the following: Plaintiff's benefits were properly calculated in light of information available; Plaintiff was a part-time employee; Plaintiff's average weekly wage was $541.40, with a TTD rate of $323.00, or the maximum at the time of his injury; in February 1997, Plaintiff's TTD rate was prematurely reduced to SEB's; Defendant owed Plaintiff SEB's when Plaintiff became employed as a security guard until October 8, 1997, when Defendant properly terminated all benefits to Plaintiff; Plaintiff is responsible for all fees associated with his hiring of another vocational rehabilitation counselor; Defendant was arbitrary and capricious in prematurely reducing Plaintiff's TTD benefits in February 1997 for which Defendant is sanctioned $2,000.00 in penalties and $3,000.00 for attorney's fees. We affirm in part and reverse in part.

FACTS
Plaintiff was injured on October 24, 1994, during his employment for Defendant at the Dow facility in Plaquemines, Louisiana. At that time, Plaintiff worked as a carpenter and hurt his back while bending over to lay down a wooden form made up of two by ten planks of wood. Plaintiff was unable to work as a result of his injury and received TTD benefits until February 27, 1997, in the amount of $304.80. When Plaintiff's TTD payments were ceased, they were substituted with SEB's which were paid thereafter until October 8, 1997. Plaintiff's SEB's were based on a wage estimation of $6.90 per hour. The $6.90 calculation was provided by the vocational rehabilitation counselor, Mr. Jeffery Carlisle, who was assigned to Plaintiff by Defendant.
At the time of Plaintiff's injury, he was making $13.75 an hour. He was never able to secure another position making similar wages. Plaintiff did independently procure employment as a security guard, but he did not gain any employment through the efforts of his vocational rehabilitation counselor.

LAW AND ANALYSIS

I. Standard of Review

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Smith v. Louisiana Dep't of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Freeman, 93-1530 at p. 5,630 So.2d at 737-38; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7-8 (La.7/1/97); 696 So.2d 551, 555.

II. Plaintiff's Assignments of Error

A. Termination of Plaintiff's Supplemental Earnings Benefits
In his first two assignments, Plaintiff argues that the hearing officer manifestly erred when she terminated Plaintiff's SEB's as a result of her finding that Plaintiff was reasonably able to travel the distance *323 to the job offered at the Geismar plant, despite his medical restrictions. Plaintiff argues that since a functional capacity exam determined that Plaintiff was limited to driving for one hour without stopping and since the Geismar plant was over an hour from his home, that job offer fell outside of Plaintiff's reasonable geographic region, as required by La.R.S. 23:1221(3)(c)(i), which provides, in pertinent part:
[I]f the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
(Emphasis added.)
Defendant argues that according to the statute, that the reasonable geographic region requirement applies to either where the employer, or where the employee, is located. Indeed, that is the clear import of La.R.S. 23:1221; however, where an employee is physically limited due to a medical condition as in the present matter, the only pertinent geographic region that can be reasonable is one which contemplates the employee's limitations. In concluding that the distance was reasonable, the hearing officer explained:
During trial the testimony was it clear that the Geismar location was in excess of 60 miles. However, the Geismar location was about equal to distance Mr. Hickman traveled when he worked for J.E. Merit in Plaquemines. Banks requires the employer's geographic location. The Court finds that the offer of employment was within the employer's geographic location.
As stated previously, Mr. Hickman was able to drive one hour without stopping. The Geismar plant would have been a drive of about one hour and twenty minutes. This period of time is certainly reasonable and within the restrictions placed upon him by his physicians.
We find clear error in this reasoning. While one hour of driving might have been fine for Plaintiff before the accident, more than one hour of driving each way to work everyday is certainly not. The physician's prescribed limitations in conjunction with Plaintiff and his wife's testimony as to his difficulty in driving readily provide a solid basis for the conclusion that the one hour and twenty minute commute to Geismar is beyond Plaintiff's reasonable geographic region. Accordingly, we reverse the hearing officer's finding that Defendant's SEB's were properly terminated, and we find Defendant arbitrarily and capriciously terminated such benefits knowing, as it did, that Plaintiff was physically incapable of holding a job which required a commute of more than one hour.

B. Plaintiff's Vocational Rehabilitation
Plaintiff argues the hearing officer erred when it found Plaintiff's TTD benefit's were erroneously reduced to SEB's as a result of premature termination of Plaintiff's vocational rehabilitation, yet it failed to award sufficient penalties and attorney's fees. In discussing the timeliness of the TTD reduction, the hearing officer unequivocally stated:
Although the jurisprudence does not require the employer to actually place a claimant in a job, the vocational efforts involving Mr. Hickman do not rise to the level expected by Banks. The record indicates that communication broke down between the voc-rehab counselor and the claimant's attorney in the initial *324 stages much to the detriment of Mr. Hickman. The counselor's efforts appear to be sincere yet were terminated too quickly, (just two weeks after the February 17, 1997 letter) to result in any positive effect.
Stevens v. Wal-Mart Stores, Inc., 27,977 (La.App. 2 Cir. 11/1/95); 663 So.2d 543, 547, provides:
The employer or its insurer must pay benefits within 14 days of notice of the injury and loss; failure to pay timely subjects the liable party to a penalty of 12 percent, "unless such nonpayment results from conditions over which the employer or insurer had no control" or "the employee's right to such benefits has been reasonably controverted by the employer or his insurer." La.R.S. 23:1201 E; Barton v. Wausau Ins. Co., 545 So.2d 1248 (La.App. 2d Cir.1989). The statute further provides for attorney fees in the event that failure to pay benefits within 60 days of receipt of written notice is found to be "arbitrary, capricious, or without probable cause." La.R.S. 23:1201.2. These provisions are penal in nature and must be strictly construed, allowing recovery only when the facts of the case negate probable cause for nonpayment. Robichaux v. Terrebonne Parish Sch. Bd., 426 So.2d 241 (La.App. 1st Cir.1983). The hearing officer has great discretion in deciding whether to allow or disallow penalties and attorney fees. Barton v. Wausau Ins. Co., supra.

In the matter before us, the hearing officer sanctioned Defendant $2,000.00 in penalties and awarded to Plaintiff attorney's fees in the amount of $3,000.00 for the handling of this issue. Finding the hearing officer's sanctions appropriate, adequate and not manifestly erroneous, we affirm.

C. Compensation for Plaintiff's Hired Rehabilitative Counselor
Plaintiff argues manifest error exists where the hearing officer found under Maxie v. Brown Indus., Inc., 95-19 (La. App. 3 Cir. 5/31/95); 657 So.2d 443, writ denied, 95-1630 (La.10/6/95); 661 So.2d 469, Plaintiff's vocational rehabilitation was insufficient yet failed to award reimbursement expenses for Plaintiff's having to hire an additional vocational rehabilitation counselor and for expert witness fees incurred at trial. In response, Defendant argues that the hearing officer made no such finding of insufficient rehabilitation. We disagree with Defendant.
As is apparent in the language previously cited, the hearing officer explained in her Written Reasons Plaintiff's TTD benefits were untimely reduced to SEB's as a result of insufficient vocational rehabilitation. The hearing officer also found Plaintiff's hiring of Harris Rowzie unnecessary where Plaintiff had already found work. La.R.S. 23:1226 provides, in pertinent part:
B.(3) The employer shall be responsible for the selection of a vocational counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, the employee may file a claim with the office to review the need for such services in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits.
C.(1) Rehabilitation services required for disabled workers may be initiated by:
(a) An insurer or self-insured employer by designating a rehabilitation provider and notifying the office.
(b) The office by requiring the insurer or self-insured employer to designate a rehabilitation provider.
(c) The employee, through a request to the office. The office shall then require the insurer to designate a rehabilitation provider.
(2) Rehabilitation services provided under this Part must be delivered *325 through a rehabilitation counselor approved by the office.
Plaintiff, as the claimant in Batiste v. Capitol Home Health, 96-799 (La.App. 3 Cir. 5/7/97); 699 So.2d 395, may request or suggest a counselor, but may not independently seek vocational rehabilitation without the office of workers' compensation's approval. Plaintiff argues that the expenses incurred by this Plaintiff in hiring Rowzie, like the plaintiff in Batiste, were made necessary because of Defendant's failure to meet the minimum statutory requirement of meaningful and expedient vocational rehabilitation. We disagree. Batiste is factually distinguishable from the matter before us. In Batiste, the claimant recommended a particular vocational rehabilitation counselor to the hearing officer, which the hearing officer accepted, where the employer failed to provide anything more than a "sham rehabilitation." There, the issue concerned whether it was proper for the hearing officer to accept the claimant's recommendation of a counselor. In the matter before us, Plaintiff independently, without any authority, procured an additional counselor. This is clearly not contemplated by La.R.S. 23:1226, nor by Baptiste. Hence, we affirm the hearing officer's denial of Rowzie's expenses.
Plaintiff also seeks reimbursement of expert witness fees under La.R.S. 13:3666 which provides:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
This court addressed a similar set of circumstances in Arriaga v. Reliance Ins. Co. of Illinois, 564 So.2d 832, 838 (La.App. 3 Cir.1990):
Finally, plaintiff argues that the trial court erred in not setting expert witness fees for all experts who testified in person or by deposition and in not taxing those expert witness fees as court costs. Although the defendants were taxed with all costs of the proceedings the trial court did not make any specific ruling as to the setting and assessment of expert witness fees. Thus, the appropriate procedure is for plaintiff to file a rule to show cause in the trial court for specific assessment of these fees. See LSR.S. art. 13:3666.
Where Plaintiff failed to seek expert witness fees by rule or motion at the trial level and in light of our finding Plaintiff improperly procured the services of Rowzie, we affirm the hearing officer's denial of expert witness fees.

D. Plaintiff's Employment Status
Plaintiff argues that the hearing officer manifestly erred when she found Plaintiff to be a part-time employee and when she failed to award sufficient penalties and attorney's fees. The hearing officer found that under La.R.S. 23:1021(10)(a)(i), the legislature intended "to provide the [full-time] worker with the maximum hours available by using the *326 greater of an average of four weeks work or the wage at forty hours." Noting that Plaintiff worked only thirteen forty-hour work weeks out of forty-five weeks, the hearing officer concluded:
[Plaintiff] should not have his average weekly wage calculated as a forty hour work week. Mr. Hickman was a part time employee whose hours depended on the need and the weather conditions. The employer did not guarantee employment of forty hours or more ... and properly had Mr. Hickman classified as a part-time employee....
The hearing officer cited Fusilier v. Slick Construction Co., 94-11(La.App. 3 Cir. 6/1/94); 640 So.2d 788, to support her conclusion that Plaintiff be considered a part-time employee. In Fusilier, however, the issue was not the employment status of the employee. It was merely how to calculate his "average actual hours" under La. R.S. 23:1021(10)(a)(i) when he had not completed four full weeks on the job when he was hurt; whether Fusilier was a part-time or full-time employee was not at issue.
Several factors play into the determination of whether Plaintiff should be classified as a full or part-time employee. La. R.S. 23:1021(9) defines a part-time employee as one "who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per work week, and (b) that is classified by the employer as a part-time position." In Johnson v. Travelers Ins. Co., 509 So.2d 519 (La.App. 3 Cir.), writ denied, 510 So.2d 378 (La.1987), the sole issue was whether the claimant was a full or part-time employee. In Johnson, the plaintiff was always available to work when they needed him. The Johnson court explained that "[i]t is incumbent upon employers to define `part-time' status of certain employees and to establish some procedure to satisfy the criterion that the employee had knowingly taken a part-time job." Id. at 521. In the matter before us, the record clearly establishes that the only contingency dictating how much Plaintiff worked was weather conditions; Plaintiff was to be available for a full forty-hour work week, if weather permitted.
Harry Bredon, director of human resources for Defendant, testified that while the employees were not guaranteed a forty-hour work week, they were expected to be available for forty hours if the weather permitted. Bredon further noted that employees had no discretionary power on the amount of hours worked. The adjuster on this case, Frank Lee Moreau, Jr., explained that when computing Plaintiff's compensation benefits, he calculated Plaintiff's benefits as a less than full-time employee solely because Plaintiff did not work forty hours every week. This court in Shortt v. Wal-Mart Stores, Inc., 95-978 (La.App. 3 Cir. 1/3/96); 670 So.2d 369, has interpreted La.R.S. 23:1021(10) and found that the statute does not define fulltime employment as requiring that the employer guarantee a forty-hour work week. There is nothing in the record to indicate that Plaintiff considered himself a part-time employee or that the employer defined the job as a part-time job. Accordingly, we find manifest error in the hearing officer's finding otherwise, and we hold that the employee was a full-time employee. Further, we find Defendant acted arbitrarily and capriciously in deeming Plaintiff a part-time rather than a fulltime employee for the purposes of determining his compensation benefits.
We note Plaintiff's assignment of error seeking penalties and attorney's fees for Defendant's miscalculation of his benefits; given the foregoing discussion, we pretermit that assignment and hereby order calculation of Plaintiff's benefits to be made in accordance with La.R.S. 23:1021(10)(a)(i), based on the average of his actual hours worked the four full work weeks before the accident or forty hours, whichever is greater.

III. Defendant's Assignments of Error

A. Plaintiff's Benefits
Defendant asserts manifest error was made by the hearing officer when she *327 found Plaintiff's benefits were prematurely converted from TTD benefits to SEB's in February 1997. As discussed above, we agree with the hearing officer's conclusion that Plaintiff's vocational rehabilitation was insufficient, making the reduction of benefits premature. Accordingly, in the absence of manifest error, we affirm the hearing officer's finding.

B. Penalties and Attorney's fees
Defendant argues that the hearing officer manifestly erred in finding Defendant arbitrary and capricious in the premature conversion of Plaintiff's benefits in February 1997, and in casting Defendant with penalties and attorney's fees. This, too, is discussed above and for reasons expressed therein, we affirm the hearing officer's assessment of penalties and attorney's fees against Defendant.

CONCLUSION AND DECREE
In light of the foregoing discussion, we affirm the hearing officer's assessment of $2,000.00 in penalties and $3,000.00 in attorney's fees against Defendant for the premature conversion of Plaintiff's TTD benefits to SEB's in February 1997, and we also affirm her denial of all expenses and fees incurred by Plaintiff in hiring an additional vocational rehabilitation counselor. We reverse the hearing officer's rule to the following extent: We find Defendant acted arbitrarily and capriciously in terminating Plaintiff's SEB's in October 1997 and find that the Geismar job offer was not within Plaintiff's reasonable geographic region; we find Defendant acted arbitrarily and capriciously in deeming Plaintiff a part-time employee and now order Plaintiff's benefits to be recalculated in accordance with La.R.S. 23:1021(10)(a)(i). Accordingly, for Defendant's arbitrary and capricious actions found by this court, we award to Plaintiff an additional $5,000.00 in attorney's fees, plus $2,500.00 for work done on appeal. Costs of appeal to be borne by Defendant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.