_jjKOSTELKA, J.
In this workers’ compensation action, the employer appeals a judgment ordering it to pay benefits to claimant based on full-time, rather than part-time, employment. Finding legal error in that determination, we reverse.

Facts and Procedural History

On December 11, 1996, Nancy Bolyer completed and turned in an application for employment with Epic Packaging Company (“Epic”). When prompted to indicate whether she would be available to work full-time, part-time, shift work, or temporarily, Bolyer checked the boxes for full-time and shift work. Then, assuming she had been hired full-time, Bolyer began work on December 16.
Bolyer’s supervisor, Sybil Wren, stated that all the workers on her shift were part-time. Additionally, Melissa Basco, the administrative assistant who hired Bolyer, testified that it is her practice to tell every employee, when they are hired, that the jobs are part-time, temporary, and seasonal. Bolyer does not recall such a conversation. Indeed, at the time she was hired, she believed her position was full-time. However, sometime before early February 1997, Bolyer learned that her job was part-time and confirmed this status with her supervisor. Although she began looking for alternate employment, Bolyer remained at Epic, accepting her part-time status as a condition of her continued employment.
Subsequently, on February 5, 1997, Bo-lyer injured her wrist, arm, and shoulder while lifting a large box of oil jugs. At trial, the parties stipulated that the accident occurred in the course and scope of Bolyer’s employment with Epic. Thereafter, the employer paid compensation benefits, at the rate of $104.21 per week, based upon its classification of Bolyer as a part-time employee. Bolyer contends that she should have been paid $126.66 for full-time employment.
The workers’ compensation judge (‘WCJ”) determined that because Bolyer indicated a desire for full-time employment on her application, she reasonably | ^assumed, and accepted her employment under the assumption, that her position was so classified. Thus, the WCJ ordered benefits to be paid based upon full-time employment status. Epic appeals.

Discussion

La. R.S. 23:1021(9) defines the term “part-time employee” as an employee who, as a condition of his hiring, knowingly accepts employment that customarily provides for less than forty hours per work week and that is classified by the employer as a part-time position.
There is no dispute that Epic classified Bolyer’s position as part-time. And, regarding the first prong of the test, the WCJ found that, at the time of hiring, Bolyer believed her job to be full-time and found that belief to be reasonable. The record amply supports that factual conclusion. Yet, Bolyer regularly worked fewer than thirty-two hours per week — even less than the thirty-seven and one-half hours customarily logged by the other employees on her shift. Indeed, at some time before the work injury, Bolyer learned of her true status as a part-time employee and chose to continue working under those circumstances while she sought other, full-time, employment. Thus, the question on appeal becomes whether the WCJ committed legal error in focusing upon Bolyer’s knowledge at the time of hiring rather than at the time of the accident.
In Ferrand v. DHL Company, 614 So.2d 350 (La.App. 4th Cir.1993), the plaintiff was originally hired as a part-time employee, then upgraded to a full-time employee, and finally, six months before his accident, reclassified again as a part-time employee. *741 Under those circumstances, the appellate court determined that the plaintiff should receive benefits as a part-time employee— his status at the time of the accident. Certainly, Bolyer would not suggest that a part-time employee who was reclassified as full-time shortly before his accident be paid, under the workers’ compensation scheme, as a part-time employee simply because he was hired as a [¡¡part-time worker. Also see Johnson v. Travelers Ins. Company, 509 So.2d 519 (La.App. 3d Cir.1987), writ denied, 510 So.2d 378 (La.1987), where the court recognized that an employee might accept future employment with his current company on a part-time basis.

Conclusion

Inasmuch as Bolyer should have been paid benefits on the basis of her status as a part-time employee, we reverse the judgment below fixing the amount of benefits at $126.66 per week as well as the awards for penalties and attorney fees. We further reject Bolyer’s request for additional attorney fees on appeal. Costs are assessed to Bolyer and the matter is remanded to the workers’ compensation court for a determination of benefits to be paid.
REVERSED AND REMANDED.